

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

07 CIV 4630

| | |
|---|---|
| Orlandy Arbalaez,<br><br>                    Plaintiff,<br>-v-<br><br>Imperial Parking (U.S.), Inc.,<br>a/k/a Imperial Parking, Inc.,<br>                    Defendant. | Civ. Action #:<br><br>**Complaint**<br><br>Date Filed:<br><br>Jury Trial Demanded |

Plaintiff Orlandy Arbalaez, ("Plaintiff"), by Abdool Hassad, his attorney, complaining of the Defendant, respectfully alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff alleges that he was employed by Defendant and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207, 216 (b), that he is: (i) entitled to unpaid wages from Defendant for overtime work for which he did not receive overtime premium pay, and (ii) entitled to liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including § 216(b)

2. Plaintiff further complains, that he is: (i) entitled to unpaid wages from Defendant for overtime worked for which he did not receive any premium pay; and (ii) is entitled to liquidated damages and attorneys fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., and the regulations thereunder including 12 NYCRR § 142-2.2.

3. Plaintiff is also entitled to recover his unpaid wages under Article 6 of the New York Labor Law including Section 191 and is entitled to liquidated damages/penalties and attorneys' fees pursuant to Section 198 of the New York Labor Law.

### JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and

supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' claims under the Fair Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

7. Plaintiff Orlandy Arbalaez ("Plaintiff" or "Arbalaez") is an adult, over eighteen years old, who currently resides in Queens County in the State of New York.

8. Upon information and belief, Defendant **IMPERIAL PARKING (U.S.), INC.**, ("Defendant" or "Imperial Parking") is a foreign for-profit corporation.

9. Upon information and belief, Imperial Parking is organized and existing under the laws of the State of Delaware and is duly authorized to operate and do business within the State of New York.

10. Upon information and belief, Imperial Parking maintains offices within the State of New York at 1212 Avenue of Americas, 18th Floor, New York, New York 10036.

11. Upon information and belief, Imperial Parking also maintains offices within the State of New York at 307 Seventh Avenue, Suite 301, New York, NY 10001.

12. Upon information and belief, Defendant operates numerous parking lots and parking garages throughout New York City including New York County.

13. Upon information and belief, Defendant operates numerous parking lots and parking garages throughout the United States and Canada.

14. Defendant offers the following description of itself on its website: "Founded in 1962,

Imperial Parking (Impark) is an industry leader in parking management. With over 1,800 parking facilities, 425,000 spaces in Canada and the United States and 3,700 employees, Impark is the third largest parking management company in North America." See http://www.impark.com/company/overview.htm as of 5-26-2007.

15. Defendant also offers the following description of itself on its website: "Impark operates in 38 cities in North America and has immediate plans for expansion into key additional markets in the U.S." See http://www.impark.com/company/overview.htm as of 5-26-2007.

16. Upon information and belief, Defendant's head office is located in Vancouver, British Columbia in the Country of Canada.

17. Upon information and belief, Defendant's Corporate Offices under which its New York operations fall is located at 510 Walnut Street, Suite 420, Philadelphia, PA 19106.

18. The relevant times herein, refers to the two year period, the three year period, and the six year period prior to the filing of this complaint.

19. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## STATEMENT OF FACTS

20. Upon information and belief, Defendant is engaged in the business of parking lot and parking garages services to the public.

21. Plaintiff was employed by Defendant from about February 27, 2001 to on or about July 31, 2005.

22. Plaintiff was employed by Defendant to perform manual work as a parking lot attendant at one of its parking garages, in New York County, State of New York.

23. Throughout the period of his employment with Defendant and at all relevant times herein,

Plaintiff's primary function was to park and retrieve automobiles for customers of Defendant.

24. Throughout the period of Plaintiff's employment with Defendant, and at all relevant times herein, Defendant paid Plaintiff on an hourly basis.

25. Plaintiff's last rate of pay while an employee of Defendant was approximately $18/hr.

26. Throughout his employment with Defendant and at all times relevant herein, Plaintiff worked more than forty (40) hours in a week for Defendant in some or all weeks, but was not paid at a rate of 1.5 times his regular rate for each hour worked in excess of forty hours in a week.

27. At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff an overtime rate of 1.5 times his regular rate of pay for all hours worked in excess of forty hours in each week when such overtime was worked.

28. During the period of his employment with Defendant, Plaintiff was routinely paid for less hours than he worked in a week. For example, if Plaintiff worked 47 hours, he was paid for less hours, say 42 hours, for that week.

## AS AND FOR A FIRST CAUSE OF ACTION – Unpaid Overtime
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq.

29. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 28 above as if set forth fully and at length herein.

30. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the FLSA 29 U.S.C § 201 et Seq.

31. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendants constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

32. At all times applicable herein, Defendant transacted and transact commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

33. At all times applicable herein, Defendants failed and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay for each hour he worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

### Relief Demanded

34. Due to Defendant's FLSA violations, Plaintiff is entitled to recover from Defendant his unpaid overtime compensation, an additional equal amount as liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION – Unpaid Overtime
## NEW YORK MINIMUM WAGE ACT NYLL 650 et Seq.

35. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 34 above as if set forth fully and at length herein.

36. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

37. At all times relevant to this action, Defendant failed and willfully failed to pay Plaintiff overtime compensation at rates not less than one and one-half times his regular rate of pay for each hour he worked in excess of forty (40) hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2.

### Relief Demanded

38. Due to Defendant's New York Labor Law violations, Plaintiff is entitled to recover from Defendant, his unpaid overtime compensation, twenty-five (25%) percent liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

## AS AND FOR A THIRD CAUSE OF ACTION
## NEW YORK LABOR LAW § 190, 191 and 198

39. Plaintiffs allege and incorporates each and every allegation contained in paragraphs 1 through 38 with the same force and effect as if fully set forth at length herein.

40. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191 and 198 and the applicable regulations thereunder.

41. At all times relevant to this action, Plaintiff was employed by Defendant as a manual worker, laborer or workingman, within the meaning of the New York Labor Law § 190 et seq. including § 191.

42. Defendant violated and willfully violated Plaintiff's rights under NY Labor Law § 190 et seq. including NY Labor Law §§ 191 and 198 by failing to pay Plaintiff all his overtime wages (FLSA and NYMWA), as required by and within the time specified in NY Labor Law § 190 et seq. specifically including NY Labor Law § 191.

### Relief Demanded

43. Due to Defendant's New York Labor Law Article 6 violations including violation of section 191, Plaintiff is entitled to recover from Defendant, his entire unpaid overtime compensation, plus twenty-five percent liquidated damages given the willful nature of Defendants' violation, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

44. Declare Defendant to be in violation of the Plaintiff's rights under the Fair Labor Standards Act, Article 6 of the New York Labor Law, the New York Minimum Wage Act and the Regulations thereunder.

45. Award Plaintiff his unpaid overtime wages due under the FLSA and NYLL and the

Regulations thereunder as well as overtime wages due under Article 6 of the NYLL.

46. Award Plaintiff prejudgement interest on all monies due.

47. Award Plaintiffs any relief requested or stated in the preceding paragraphs but which has not been requested in the PRAYER FOR RELIEF, in addition to the relief requested in the PRAYER FOR RELIEF.

48. Award Plaintiff an additional equal amount as liquidated damages because of Defendant's failure to pay overtime pursuant to 29 U.S.C. § 216 and an additional amount of twenty-five (25) percent as liquidated damages/penalties under Section 663 and Section 198 of New York State Labor Law due to Defendants' willful failure to pay all overtime and regular wages due.

49. Award Plaintiff the costs of this action together with reasonable attorneys' fees pursuant to applicable laws including the Fair Labor Standards Act 29 USC 216(b), Section 198, 215 of the New York State Labor Law and Section 663 of the New York State Labor Law.

50. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens, New York**
**May 31, 2007**

Respectfully submitted,

*[signature]*

By: Abdool Hassad, Esq. (AH6510)
*Counsel for Plaintiff*
175-61 Hillside Avenue, Suite 306
Jamaica, NY 11432
Tel: (718) 725-2820